MATTER OF C——S——L——

## In DEPORTATION Proceedings

## A–11132697

*Decided by Board June 15, 1959*

**Misrepresentation—By nonimmigrant student as to finances is within section 212(a)(19) of 1952 act.**

A nonimmigrant student who represented in his visa application that he had sufficient funds to finance his education in the United States when in fact he had only his passage money was clearly not qualified for student status at the time he applied for his nonimmigrant visa. Hence, his misrepresentation was a violation of section 212(a)(19) of the act and he is deportable under section 241(a)(1). (Cf. *Matter of S——C——*, 7 I. & N. Dec. 76, and *Matter of C——T——P——*, A–10344385, Int. Dec. No. 953.)

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry as an alien who obtained a visa by fraud or willfully misrepresenting a material fact, contrary to section 212(a)(19) [8 U.S.C. 1182(a)(19)].

## BEFORE THE BOARD

**Discussion:** This case is before us on appeal from a decision of the special inquiry officer, dated March 24, 1959, holding the alien deportable and denying voluntary departure. Respondent, a 31-year-old native and citizen of China, last entered the United States at Seattle, Washington, on June 16, 1957, as a nonimmigrant student for a period of one year. At that time he presented a nonquota immigrant visa issued by the American Consulate at Taipeh, Taiwan (Formosa).

The charge arose as a result of certain false statements concerning respondent's financial responsibility, made in connection with his visa application. Respondent described himself as "self-financed" and on the back of Certificate of Acceptance by the University of Michigan, it was stated that he had $3200 on deposit in banks in the United States. This information was supported by written statements to the same effect from four American banks.

Respondent later stated that he "borrowed" the sums of money from four friends in the United States, although promptly after the record of deposits were made he indorsed withdrawal slips back to the "lenders." As an actual fact, respondent had only money to cover his transportation to the United States and upon arrival im-

394

mediately began working to pay his first semester's tuition. Thereafter, on November 4, 1957, respondent received Immigration Service permission to work a maximum of 20 hours per week and has since maintained himself.

The special inquiry officer held that since sufficient funds to finance a student in the United States is a requirement for the issuance of a nonquota immigrant student's visa (22 CFR 41.81(a)(4)) and respondent gave false information that he was self-sustaining, respondent's statements constituted a willful misrepresentation of his assets, citing *Matter of G——G——*, 7 I. & N. Dec. 161 (B.I.A., 1956). As to whether these statements were material, the special inquiry officer stated:

* * * The State Department regulation is clear cut and emphatic in its language requiring a showing of assets sufficient to defray the costs of a temporary stay in the United States while pursuing an education. To construe this requirement as satisfied by someone in respondent's circumstances would obfuscate, if not extirpate, the true meaning and purpose of the regulation. Hence, it is found that the respondent's misrepresentation concealed facts which "might well have prompted a final refusal of the visa" (*Matter of C——T——P——*, A–10344385, Int. Dec. No. 953). It is concluded that he is subject to deportation as charged in the order to show cause by reason of his willful misrepresentation of a material fact in the procurement of his nonimmigrant student visa.

Concerning respondent's request for voluntary departure, the special inquiry officer felt that although there was no question of respondent's earnestness in seeking a higher education in the United States, "the means respondent used to effectuate his purpose cannot be condoned" in the light of the deceit practiced upon the American consul. The special inquiry officer also felt that respondent in his various statements to the Immigration Service spoke in half truths and equivocation. For these reasons, the special inquiry officer concluded that respondent lacked the good moral character required and was, consequently, statutorily ineligible for discretionary relief in the form of voluntary departure. However, even if considered eligible for this relief, the special inquiry officer concluded that the same reasons were "sufficiently derogatory to justify denial."

Counsel contends that the record fails to establish that a ground of inadmissibility probably existed (rather than a mere possibility of such inadmissibility) at the time respondent made the false statements in connection with his visa application, citing *Matter of C——T——P——*, A–10344385, Int. Dec. No. 953 (B.I.A., 1958). Although *Matter of C——T——P——*, *supra*, is pertinent in a general way to the problem at hand, we feel that *Matter of S——C——*, 7 I. & N. Dec. 76 (Atty. Gen., 1956), is more responsive to the question before us.

On the other hand, the Immigrant Service contends that respondent was not an eligible nonimmigrant student [section 101(a)(15)

(F), (26)] at the time he applied for a nonimmigrant visa, in the light of the requirements of 22 CFR 41.81(a)(4), requiring that he have sufficient funds in his possession to cover his expenses while in the United States as a student or that other appropriate arrangements have been made to provide for these expenses, and, therefore, respondent's concealment was fatal as a violation of section 212(a)(19).

While counsel for respondent also attempts to advance the theory that respondent was actually not requested to submit the financial information by the American consul and that the proof submitted was based on information received from other official sources, we feel that the record does not support this claim and that it is tangential to the main issue in this case.

In the *Matter of S———C———*, *supra*, the Board, in considering the problem of misrepresentations and section 212(a)(19), commented as follows:

\* \* \* the rule is that a misrepresentation which cuts off *all* inquiry will invalidate a visa even though the alien could have secured a visa had he given his true identity, but that a misrepresentation which cuts off some inquiry will not invalidate the visa unless it concealed a ground of inadmissibility to the United States.

Hence, the question turns on whether respondent was entitled by law to enter the United States as a nonimmigrant student had the true facts been revealed. According to 22 CFR 41.81 (Burden of proof and evidence of student status), "An alien applying for a visa as a nonimmigrant under the provisions of section 101(a)(15) (F) of the act shall not only have the burden of establishing that he is entitled to classification as a student within the meaning of that section of the act, but also that he is not ineligible to receive a visa as a nonimmigrant" and is specifically required to establish, among other things, that "he is in possession of sufficient funds to cover his expenses" [(a)(4)].

Since respondent was not in possession of cash, neither in the hand nor in the bank, sufficient to cover his expenses while in this country and other arrangements not having been made, he was clearly unqualified for student status at the time he applied for his nonimmigrant visa. Hence, respondent's false representation of the facts relevant to his right to obtain a visa constituted misrepresentation of a material fact and a violation of section 212(a)(19).

Because respondent's counsel has not contested the special inquiry officer's conclusion of ineligibility for voluntary departure and denial of this relief, we will affirm this conclusion in the light of all the surrounding facts. Deportability is supported and the appeal must be dismissed.

**Order:** It is hereby directed that the appeal be dismissed.